UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY WAYNE CAMBELL, | ) | 1:06-CV-01880 OWW SMS HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| JEFF WRIGLEY, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

On December 27, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. In his petition, Petitioner contends prison authorities have denied his requests for eye surgery.

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea

1  v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners
2  should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

3      In this case, Petitioner's complaints involve the conditions of his confinement, not the fact or
4  duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition
5  must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a
6  civil rights complaint pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C. § 1983.

**RECOMMENDATION**

8      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
9  DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
10  corpus relief.  The Court further RECOMMENDS that the Clerk of Court be DIRECTED to send
11  Petitioner the standard form for claims pursuant to Bivens, 403 U.S. 388 (1971) and 42 U.S.C.
12  § 1983.

13      These Findings and Recommendations are submitted to the Honorable Oliver W. Wanger,
14  United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule
15  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
16  California.  Within ten (10) court days (plus three days if served by mail) after being served with a
17  copy, any party may file written objections with the court and serve a copy on all parties.  Such a
18  document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
19  Replies to the objections shall be served and filed within ten (10) court days (plus three days if
20  served by mail) after service of the objections.  The Court will then review the Magistrate Judge's
21  ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
22  within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst,
23  951 F.2d 1153 (9th Cir. 1991).

24  IT IS SO ORDERED.

25  **Dated:  January 19, 2007**           **/s/ Sandra M. Snyder**
   icido3                            UNITED STATES MAGISTRATE JUDGE